[Cite as *State v. Toney*, 2022-Ohio-1319.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 110790

    v.                                          :

KENITH TONEY, JR.,                    :

    Defendant-Appellant.       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 21, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646556-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert B. McCaleb, Assistant Public Defender, *for appellant*.

SYLVIA A. HENDON, J.:

{¶ 1} Defendant-appellant Kenith Toney, Jr. ("Toney"), raising a single assignment of error, appeals from his sentence for involuntary manslaughter and

other charges.  Specifically, Toney argues that his sentence is invalid because it was imposed under the Reagan Tokes Law and is therefore unconstitutional.  For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2}  On December 17, 2019, a Cuyahoga County Grand Jury indicted Toney on one count of aggravated murder in violation of R.C. 2903.01(A); one count of murder in violation of R.C. 2903.02(B); one count of felonious assault in violation of R.C. 2903.11(A)(1); one count of voluntary manslaughter in violation of R.C. 2903.03(A); and two counts of felonious assault in violation of R.C. 2903.11(A)(2). All charges carried one- and three-year firearm specifications.

{¶ 3}  On August 3, 2021, Toney pleaded guilty to an amended count of involuntary manslaughter with one- and three-year firearm specifications and an amended count of attempted felonious assault with a three-year firearm specification.  The remaining counts and specifications were dismissed.  On August 4, 2021, the court sentenced Toney to 20 to 25 and one-half years pursuant to the Reagan Tokes Law.

{¶ 4}  Toney appeals, presenting a single assignment of error for our review.

**Legal Analysis**

{¶ 5}  In his sole assignment of error, Toney argues that his indefinite sentence pursuant to Reagan Tokes is unconstitutional because it violates his due process rights and violates the separation-of-powers doctrine.

{¶ 6} Toney's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Toney's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. Toney's assignment of error is overruled.

{¶ 7} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SYLVIA A. HENDON, JUDGE*

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR

*(Sitting by assignment: Sylvia A. Hendon, J., retired, of the First District Court of Appeals.)

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.